```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        - v. -                       :     10 Cr. 391 (CM)

ROBERT BAILEY,                       :
    a/k/a "RO,"
RODNEY BETHEA,                       :
    a/k/a "Goldie,"
SEAN COTTON,                         :
    a/k/a "Scuba,"
TAYSHAWN FAZION,                     :
    a/k/a "Sunshine,"
    a/k/a "Tito,"                    :
NAQUAN GAYLE,
    a/k/a "Quan,"                    :
PATRICK GAYLE,
    a/k/a "PRT,"                     :
JOHN HAMILTON,
    a/k/a "John Geezy,"              :
    a/k/a "JonJon,"
ALEXANDER JACKSON,                   :
    a/k/a "Pooh,"
PHILIP PETERSON,                     :
    a/k/a "SP,"
ANGELO ROBINSON,                     :
    a/k/a "A Lo,"
ACREL SIMON, and                     :
RONALD WOODY,
    a/k/a "Gorilla,"                 :

            Defendants.              :

- - - - - - - - - - - - - - - - - - -x

PATRICK GAYLE,                       :

            Petitioner,              :

        - v.-                        :     12 Civ. 3648 (CM)

UNITED STATES OF AMERICA,            :

            Respondent.              :
```

```
- - - - - - - - - - - - - - - - - - - -x

NAQUAN GAYLE,                           :

            Petitioner,                 :

       - v. -                           :     12 Civ. 7101 (CM)

UNITED STATES OF AMERICA,               :

            Respondent.                 :

- - - - - - - - - - - - - - - - - - - -x
```

### GOVERNMENT'S MOTION TO RECONSIDER ORDER TO SHOW CAUSE

```
                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                     of America
```

**Michael D. Maimin**
**Assistant United States Attorney**
     - Of Counsel -

**TABLE OF CONTENTS**

I.   Background.. . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.   Applicable Law. . . . . . . . . . . . . . . . . . . . . 5

          1.   Motions to Reconsider. . . . . . . . . . . . . . . 5

          2.   Sentence Reductions Pursuant to Title 18,
               United States Code, Section 3582(c)(2).. . . . . . 6

     B.   Discussion. . . . . . . . . . . . . . . . . . . . . . . 7

III. Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . 12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        - v. -                      :    10 Cr. 391 (CM)

ROBERT BAILEY,                      :
    a/k/a "RO,"
et al.                              :

            Defendants.             :

- - - - - - - - - - - - - - - - - - - -x

PATRICK GAYLE,                      :

            Petitioner,             :

        - v.-                       :    12 Civ. 3648 (CM)

UNITED STATES OF AMERICA,           :

            Respondent.             :

- - - - - - - - - - - - - - - - - - - -x

NAQUAN GAYLE,                       :

            Petitioner,             :

        - v. -                      :    12 Civ. 7101 (CM)

UNITED STATES OF AMERICA,           :

            Respondent.             :

- - - - - - - - - - - - - - - - - - - -x
```

<u>GOVERNMENT'S MOTION TO RECONSIDER ORDER TO SHOW CAUSE</u>

The Government submits this brief in support of its motion for the Court to reconsider its Order to Show Cause Why the Court Should Not, On Its Own Motion, Correct [the Defendants'] Sentences Pursuant to 18 U.S.C. § 3582(c)(2), issued on April 29,

2013 (the "Order").  As described below, the Government respectfully submits that the Order is premised on a mistake of fact: that the United States Sentencing Commission (the "Commission") lowered the applicable sentencing ranges for the Defendants *subsequent* to this Court's imposition of sentences on each of the defendants.  Because the Commission did not take such action - rather, the crack guidelines were lowered before the Defendants' sentencings - Title 18, United States Code, Section 3582(c)(2) does not apply, and this Court may not modify the term of imprisonment imposed on the Defendants.  *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed . . . .").

**I.   Background**

Indictment 10 Cr. 391 (CM) (the "Indictment") was unsealed on May 13, 2010, and charged that, from at least in or about 2007, up to and including in or about May 2010, ROBERT BAILEY, a/k/a "RO," RODNEY BETHEA, a/k/a "Goldie," SEAN COTTON, a/k/a "Scuba," TAYSHAWN FAZION, a/k/a "Sunshine," a/k/a "Tito," NAQUAN GAYLE, a/k/a "Quan," PATRICK GAYLE, a/k/a "PRT," JOHN HAMILTON, a/k/a "John Geezy," a/k/a "JonJon," ALEXANDER JACKSON, a/k/a "Pooh," PHILIP PETERSON, a/k/a "SP," ANGELO ROBINSON, a/k/a "A Lo," ACREL SIMON, and RONALD WOODY, a/k/a "Gorilla," (the "Defendants") and others conspired to distribute, and to possess with the intent to distribute, 50 grams and more of mixtures and

substances containing a detectable amount of cocaine base, in a form commonly known as "crack" ("crack cocaine"), in violation of Title 21, United States Code, Section 846.

Subsequent to the Indictment, on August 3, 2010, Congress passed the Fair Sentencing Act of 2010 (the "FSA"), which, among other things: (1) increased the threshold quantities of cocaine base required to trigger the enhanced penalty provisions set forth in Title 21, United States Code, Section 841(b)(1)(A)&(B); and (2) instructed the United States Sentencing Commission (the "Commission") to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law" within 90 days.  (FSA § 8).  Responding to Congress's instruction, the Commission implemented Emergency Amendment 748 to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), effective on November 1, 2010, which, among other things, amended the Drug Quantity Table in U.S.S.G. § 2D1.1 "to account for the changes in the statutory penalties made in section 2 of the Act [which] reduced the statutory penalties for offenses involving manufacturing or trafficking in crack cocaine by increasing the quantity thresholds required to trigger a mandatory minimum term of imprisonment."  Amendment 748, U.S.S.G. App. C, Vol. III at 381.

Between January 28, 2011, and March 1, 2011, the Defendants each pled guilty to Count One of the Indictment pursuant to plea agreements.  Because these pleas took place after Amendment 748 was enacted, the plea agreements each applied the amended Guidelines.  Likewise, between May 3, 2011, and July 14, 2011, this Court sentenced each of the Defendants using the amended Guidelines.

Subsequent to the Defendants' sentencings, the Commission passed Amendment 750 to the Guidelines - effective November 1, 2011 - which, in relevant part, made permanent the changes to U.S.S.G. § 2D1.1 set forth in Amendment 748.  Amendment 750, U.S.S.G. App. C, Vol. III at 391.

**II.  Argument**

In its April 29 Order, the Court found that it had the authority to modify the Defendants' sentences pursuant to 18 U.S.C. § 3582(c)(2) because: "Since I sentenced these defendants, the Commission has revised its guidelines downward, utilizing, *inter alia*, the power conferred upon it by 28 U.S.C. § 994(o)." (Order at 15).  As demonstrated above, however, this finding was erroneous - the Commission revised the Guidelines downward before the Court sentenced the Defendants, not after.  Because the authority to reduce a defendant's sentence pursuant to Section 3582(c)(2) arises only where the Commission takes action to reduce the applicable Guidelines range subsequent to the

4

sentencing of that defendant, Section 3582(c)(2) provides no such authority here.  Accordingly, because Section 3582(c)(2) does not apply, the court "may not modify [the] term of imprisonment . . . imposed . . . ."  18 U.S.C. § 3582(c).  Accordingly, the Government respectfully submits that the Court should reconsider its Order and vacate that part of the Order that requires the Government to show cause why the Court should not reduce the Defendants' sentences pursuant to Section 3582(c)(2).

### A.   Applicable Law

#### 1.   Motions to Reconsider

Although there is no specific rule, either in the Federal Rules of Criminal Procedure or in this District's Local Criminal Rules, providing for the reconsideration of a ruling on a criminal matter, courts in this district typically allow such motions, applying the applicable Local Civil Rule and its accompanying case law.  *See*, *e.g.*, *United States* v. *Berger*, 188 F. Supp. 2d 307, 338 (S.D.N.Y. 2002).  Under Local Civil Rule 6.3, motions for reconsideration "shall be served within ten (10) days after the docketing of the court's determination of the original motion."  The movant must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

5

### 2. Sentence Reductions Pursuant to Title 18, United States Code, Section 3582(c)(2)

"A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal* v. *United States*, 486 F.3d 742, 744 (2d Cir. 2007); *see also* 18 U.S.C. § 3582(c) (a "court may not modify a term of imprisonment once it has been imposed except" if one of the narrow circumstances set forth in subsections (1) or (2) apply). Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence under a particular narrow circumstance - specifically, as pertinent here, where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). In order for a reduction to be "consistent with" applicable Commission policy statements, 18 U.S.C. § 3582(c)(2), the Commission must have expressly stated that the Guidelines amendment at issue will apply retroactively. *See*, *e.g.*, *United States* v. *Perez*, 129 F.3d 255, 259 (2d Cir. 1997).

In short, a district judge may not reduce a defendant's sentence pursuant to Section 3582(c)(2) unless, among other things, two criteria are met: (1) the Commission has amended the Guidelines so that they "ha[ve] subsequently been lowered" after

6

a defendant's sentencing; and (2) the Commission has explicitly made that amendment retroactive.  With respect to the crack guidelines, the Commission has, indeed, expressly made Amendment 750 - the amendment that made permanent Amendment 748's reductions to the crack guideline - retroactive. See U.S.S.G. § 1B1.10(c).  Thus, previously-sentenced defendants whose guidelines ranges were lowered by those reductions - *i.e.*, defendants who were sentenced before Amendment 748 altered the crack guidelines, and whose ranges were impacted by the alteration - may seek a reduced sentence pursuant to Section 3582(c)(2).  Absent satisfaction of these criteria, however, Section 3582(c)(2) does not authorize a Court to reduce a previously imposed sentence.  *See United States* v. *Moore*, 2012 WL 5834900, at *1 (2d Cir. Nov. 19, 2012) (summary order) ("'§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding' and only grants courts the power to reduce a sentence in specific circumstances. . . .") (quoting *Dillon* v. *United States*, 130 S. Ct. 2683, 2690 (2010)).

**B.   Discussion**

Section 3582(c)(2) does not authorize this Court to reduce the sentences of any of the Defendants because the Defendants do not meet the first criterion for eligibility - namely, since the Defendant's sentences were imposed, their applicable Guidelines

ranges have not "subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

As the Court recognized, the post-FSA "Guidelines went into effect on November 1, 2010, pursuant to the emergency authority that Congress resurrected for that precise purpose; they became permanent on November 1, 2011."  (Order at 14).  However, the Court is mistaken when it states that it "did not sentence the defendants whose names appear in the caption of this opinion . . . in accordance with the FSA or the newly crafted emergency guidelines."  (Order at 14).  To the contrary, each of the Defendants: (1) pled guilty after the implementation of the "newly crafted emergency guidelines" on November 1, 2010; (2) entered into a plea agreement that referenced "the Guidelines Manual in effect as of November 1, 2010"; (3) was sentenced after the implementation of the "newly crafted emergency guidelines" on November 1, 2010; (4) had a pre-sentence report prepared using the "newly crafted emergency guidelines," which pre-sentence report was adopted by this Court; and (5) was sentenced in accordance with the "newly crafted emergency guidelines."

The Court is further mistaken when it states that, "[s]ince I sentenced these defendants, the Commission has revised its guidelines downward, utilizing *inter alia*, the power conferred upon it by 28 U.S.C. § 994(o)."  (Order at 15).  No such revision occurred "[s]ince [the Court] sentenced the defendants."  Rather,

8

the Commission revised the Guidelines downward effective November 1, 2010 - between seven and nine months before the Court sentenced the Defendants, and those revised Guidelines formed the basis for the Guidelines calculations at each of the Defendants' sentencings. Amendment 750 did not revise (much less lower) the applicable Guidelines at all; rather, it simply repromulgated the very same Guidelines that were, in fact, utilized at the Defendants' sentencing proceedings.

Subsequent to the Defendants' sentencing proceedings, the Supreme Court did, of course, issue its opinion in *Dorsey* v. *United States*, 132 S. Ct. 2321 (2012), which established that the FSA's statutory minimums and maximums should be applied to defendants sentenced after the FSA's effective date. By the plain terms of Section 3582(c)(2), however, this decision - which had to do with the application of the relevant sentencing statute, not a reduction of the Guidelines by the Commission - does not implicate Section 3582(c)(2). Indeed, the Second Circuit has explicitly held that a district court may not reduce the sentence of a defendant, even where a subsequent Supreme Court decision establishes that the mandatory minimum applied at sentencing may have been incorrect:

> We also reject defendant's claim that his statutory mandatory minimum sentence can be modified under § 3582(c)(2) following the rule in *Apprendi* v. *New Jersey*, 530 U.S. 466 . . . . It is clear that the rule of *Apprendi* is not an amendment promulgated by

9

>the Sentencing Commission and thus cannot be
>considered an amendment for § 3582(c)(2)
>purposes.  If we allowed a § 3582 motion for
>sentence reduction on *Apprendi* grounds, we
>would violate the letter and spirit of the
>statute.  This judgment is consistent with
>*United States* v. *Mock*, 612 F.3d 133 (2d Cir.
>2010), in which we held that § 3582(c)(2)
>does not provide a basis for this Court or a
>district court to hear a claim that
>procedural error occurred at a defendant's
>original sentencing.

*United States* v. *Carpenter*, 396 Fed. App'x 743, 745 (2d Cir. 2010) (summary order).  Similarly, the Supreme Court explained that, "[g]iven the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*," which rendered the Sentencing Guidelines advisory, thus removing an effective mandatory minimum for various defendants.  *Dillon* v. *United States*, 130 S. Ct. at 2692.

Finally, the fact that the Guidelines reference the applicable mandatory minimums does not change the analysis. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence," and "[i]n any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."  U.S.S.G. § 5G1.1(b)&(c)(2).  However, any interplay between these Guidelines and *Dorsey* does not give rise to

10

authority to reduce a sentence pursuant to Section 3582(c)(2) because this Section of the Guidelines has not been amended since 1989, and no amendment listed in U.S.S.G. § 1B1.10(c) changes this Section.

Thus, the Defendants identified by the Court may not be resentenced pursuant to Section 3582(c)(2). The reductions that the Court proposes in the Order are not authorized by Section 3582(c)(2) because the Defendants' applicable Guidelines ranges have not "subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  This is the conclusion reached by numerous other courts. *See, e.g., United States* v. *Passmore*, No. 12-5054, 2012 WL 5278583, at *2 (6th Cir. Oct. 25, 2012) (*per curiam*) ("Passmore's offense occurred between July 2007 and May 22, 2009; she was sentenced on July 6, 2011. Accordingly, she is subject to the lower mandatory minimums.  We may not grant Passmore relief under section 3582(c)(2), however, because her sentencing range has not 'subsequently been lowered' since the time she was sentenced." (citing 18 U.S.C. 3582(c)(2))); *United States* v. *Davis*, No. 09 Cr. 765 (RMB), 2013 WL 1793954, at *1 and n.1 (S.D.N.Y. April 24, 2013) (Berman, J.) ("Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is without merit.  Indeed, Section 3582 is inapplicable because Defendant was sentenced to a statutory mandatory minimum sentence" and noting that the decision in

*Dorsey* does not affect this determination); *United States* v. *Bennett*, Nos. 3:10 Cr. 84, 3:12 Cv. 524, 2013 WL 170333, at *9 (W.D.N.C. Jan. 16, 2013) ("In hindsight of *Dorsey*, petitioner should not have been sentenced to the mandatory minimum sentence of five years on Count One.  Despite universal agreement that the sentence is now incorrect, respondent correctly argues that it is a harm that cannot be remedied by § 3582(c)(2)."); *United States* v. *Floore*, No. 09 Cr. 30191 (DRH), 2012 WL 3765132, at *1 (S.D. Ill. Aug. 30, 2012); *United States* v. *Yates*, Criminal Action No. 10-073-KD, 2012 WL 3206689, at *2 (S.D. Ala. 2012).

### III. Conclusion

For the reasons stated above, the Court should reconsider and withdraw that part of the Order that proposes to reduce the Defendants' sentences pursuant to Title 18, United States Code, Section 3582(c)(2) and orders the Government to show cause why it should not do so.

Dated:   New York, New York
         May 9, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York


                         By:  _____
                              Michael D. Maimin
                              Assistant United States Attorney
                              Tel.: (212) 637-2238

12